IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-51089
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACOBO LOEWEN-NEUFELD,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-00-CR-214-1
- - - - - - - - - -
July 2, 2001

Before REAVLEY, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jacobo Loewen-Neufeld appeals his conditional guilty plea conviction for possession with intent to distribute marijuana. He argues that: (1) the district court erred in denying his motion to suppress the evidence obtained from a roving border patrol stop, and (2) his detention unconstitutionally exceeded the original scope of the stop.

A border patrol agent conducting a roving patrol may make a temporary investigative stop of a vehicle only if the agent is aware of specific articulable facts, together with rational

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inferences from those facts, that reasonably warrant suspicion that the vehicle's occupant is engaged in criminal activity. <u>See</u> <u>United States v. Brignoni-Ponce</u>, 422 U.S. 873, 884 (1975); <u>United States v. Cortez</u>, 449 U.S. 411, 417-18 (1981). Consideration of the relevant factors, viewed in the totality of the circumstances and in the light most favorable to the Government, indicates that there was reasonable suspicion for the stop of the pickup truck driven by Loewen-Neufeld. <u>See</u> <u>United States v. Inocencio</u>, 40 F.3d 716, 721-22 (5th Cir. 1994). The district court did not err in denying Loewen-Neufeld's motion to suppress.

Loewen-Neufeld's argument that his continued detention exceeded the original scope of the stop was not raised in his motion to suppress. Accordingly, it was not preserved for appeal pursuant to the terms of the conditional guilty plea. The issue is, therefore, waived. <u>See</u> Fed R. Crim. P. 11(a)(2).

AFFIRMED.